**E. C. KING, Administrator of the Estate of J. M. Edwards, Deceased,**

v.

**CLINCHFIELD RAILROAD COMPANY.**

**Civ. A. No. 950.**

United States District Court
E. D. Tennessee, Northeastern Division.

April 13, 1955.

Mysinger & Tweed, Maupin, Berry & Coleman, Greeneville, Tenn., for plaintiff.

Tucker & Erwin, Arch K. McIntyre, Erwin, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for the death of J. M. Edwards, for the use and benefit of his widow, Pearl T. Edwards and nine children, the youngest of whom is eight years of age.

A pre-trial order was filed on February 15, 1955, in which Issue No. 4 was stated as follows: "Are the persons for

whose use and benefit the suit is brought, or any of them, beneficiaries under the Federal Employers' Liability Act?" Two exhibits were identified in the indicated order, one of which was a certified copy of the final decree entered in the Unicoi Chancery Court on March 16, 1926, dissolving the bonds of matrimony between J. M. Edwards and his wife, Pearl Tolley Edwards. These parties were married on October 9, 1919. From this marriage was born James Stanley Edwards, who is now 32 years of age. This son is now married and has a family. His custody was awarded to the mother under the divorce decree, which also awarded her the sum of $750 for his support and the support of his mother. Some time after the divorce decree, J. M. Edwards rejoined his former wife, Pearl T. Edwards, in Unicoi County where they lived together as husband and wife until his death on December 29, 1953. From this second union, which was not formally solemnized, there were born eight additional children, all of whom are minors.

The railroad company contends that Pearl and her children are not entitled to sue for damages under the Federal Employers' Liability Act because Pearl is not the widow of the deceased and the eight minor children are illegitimate, and under Tennessee law not recognized as children of the deceased.

It may be observed that common law marriages have been replaced by statutory or ceremonial marriage in Tennessee. The statement appears in Court decisions that Tennessee does not recognize common law marriages. Yet it is well established that where a man and a woman live together as husband and wife over a period of years, neither of them, nor any third party, may attack their relationship as husband and wife. There are certain recognized exceptions, of which none is applicable here, for example, criminal prosecutions by the state for miscegenation, adultery and bigamy.

This record as it now stands shows that the deceased and Pearl reunited after their divorce, presumably as husband and wife. In this situation, and as relates to defendant, the presumption of valid marriage is conclusive. They apparently treated their reunion as setting aside the divorce decree and restoration of their marital status. Neither was under any incapacity to marry. If the deceased were living he would not be permitted to deny the relationship of husband and wife existing between them. Neither could Pearl deny this status nor can the railroad company in this case. See Johnson v. Johnson, 41 Tenn. 626; and Smith v. North Memphis Sav. Bank, 115 Tenn. 12, 32–33, 89 N.W. 392.

The defendant is not entitled to rely upon the defense set forth in its answer that Pearl Edwards and her minor children are not entitled to take under the Federal Employers' Liability Act and the case will accordingly proceed to trial on the merits.